The People of the State of New York, Appellant, v. Gerard J. Brinkman, Respondent.—

Nolan, P. J., Wenzel and Beldock, JJ., concur; Schmidt, J., dissents and votes to affirm the amended order, with the following memorandum: The pertinent provisions of subdivision 1 of section 257 and section 258 of the Code of Criminal Procedure require the grand jury, or at least so many members thereof as are required to vote an indictment, i.e., twelve, to weigh "all the evidence"; and the latter section further provides that it shall "find an indictment, when all the evidence before them * * * would * * * warrant a conviction by the trial jury." (Emphasis supplied.) It is agreed that eleven of the grand jurors who voted the indictment were present at all sessions when evidence relating thereto was presented. At issue is the question whether another grand juror, No. 814, may be counted as the twelfth needed to vote an indictment. It is conceded that said juror was not present on March 4, 1953, when five witnesses testified in this matter. Accordingly, said juror did not hear all the evidence, had no opportunity to observe the demeanor of the witnesses and the manner of their testifying and, therefore, could not have voted for an indictment on all the evidence. Section 268 of the Code of Criminal Procedure, incorporated into section 313 by reference, states that an indictment cannot be found without the concurrence of at least twelve grand jurors. I am of the opinion that said jurors must be such as have heard all the evidence, as required by the provisions of the code, above mentioned. Otherwise, said provisions would be rendered impotent. It is not to be presumed that the Legislature, in enacting section 313, intended such a result.