**UNITED STATES of America**

v.

**A. P. WOODSON COMPANY,** District Building Supply Company, Eckington Building Supply Company, Hudson Supply & Equipment Company, Potomac Builders Supply Company, R. Robinson, Inc., the Cushwa Brick and Building Supply Company, the United Clay Products Company, Nelson Woodson, Joseph Hill, Warren S. Gruber, Joseph H. Deckman, Jack A. Richardson and John Cissel.

**Cr. No. 375-61.**

United States District Court
District of Columbia.

Sept. 21, 1961.

Wilford L. Whitley, Jr., Bruce L. Montgomery, Dept. of Justice, Washington, D. C., for plaintiff.

John J. Wilson, Paul Interdonato, Richard T. Conway, Lawrence J. Latto, William Dempsey, Francis M. Shea, George P. Lamb, Carrington Shields, E. T. Simpson, Francis J. Kelly, Richard Nicolaides, Washington, D. C., for defendants.

McLAUGHLIN, District Judge.

The defendants' motions to dismiss the indictment for failure to state "Essential Facts" is hereby denied.

The defendants contend that four of the five essential elements of a Sherman Act conspiracy, namely time, place, manner and means, are not sufficiently alleged in the indictment.

The Court in rendering this decision is guided by the following well settled rules relating to the sufficiency of an indictment alleging conspiracy in violation of Section three of the Sherman Act, 15 U.S.C.A. § 3:

1. The sufficiency of an indictment depends not on whether it could be made more definite and certain, but whether it apprises the defendant of the charges against him and is sufficiently definite in order that the defendant may avail himself of a plea of former jeopardy. Hagner v. United States, 1932, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861.

2. All parts of the indictment must be considered in determining its sufficiency. United States v. American Medical Ass'n, 1940, 72 U.S.App.D.C. 12, 110 F.2d 703, 716, certiorari denied 310 U.S. 644, 60 S.Ct. 1096, 84 L.Ed. 1411.

3. Overt acts need not be alleged in a Sherman Act conspiracy indictment. Nash v. United States, 1913, 229 U.S. 373, 378, 33 S.Ct. 780, 57 L.Ed. 1232.

4. The validity of an indictment is dependent upon a determination of whether it adequately sets out the essential elements of the offense charged. The essential elements of a Sherman Act indictment are the time, place, manner, means and effect of the alleged violation. United States v. Greater Kansas City Retail Coal Merchants' Ass'n, D.C.W.D. Mo.1949, 85 F.Supp. 503, 508; See Glasser v. United States, 1942, 315 U.S. 60, 66, 62 S.Ct. 457, 86 L.Ed. 680.

The Court is of the opinion that the above enumerated essentials as to the sufficiency of an indictment are met by the content of the indictment in the instant case. The defendants are sufficiently apprised of the charges against

them as required by number one above. In reaching this conclusion the Court has taken into account and considered all parts of the indictment as required by number two. The Court did not consider the absence of overt acts, since, as set out in point three above, such acts are not required. Finally, the essential elements mentioned in number four above are adequately set out in the indictment.

■ Concerning the essential elements of a Sherman Act conspiracy indictment the element of time as set out in the indictment alleges that: "Beginning at least as early as 1958, the exact date being to the grand jurors unknown, and continuing thereafter to the date of return of this indictment * * *". Motion to dismiss the indictment, pg. 4, para. 12. This is sufficiently definite as to the element of time. Frankfort Distilleries, Inc., v. United States, 10 Cir., 1944, 144 F.2d 824, 831, reversed in part for other reasons, 1945, 324 U.S. 293, 65 S.Ct. 661, 89 L.Ed. 564; United States v. American Medical Ass'n, 1940, 72 U.S.App.D.C. 12, 110 F.2d 703, 716, certiorari denied 310 U.S. 644, 60 S.Ct. 1096, 84 L.Ed. 1411.

■ The indictment continues at page 4, paragraph 12: "* * * have engaged in a combination and conspiracy * * * within the District of Columbia and between the District of Columbia and other States * * *". An indictment is sufficiently particular as to place if it alleges that a conspiracy was entered into and carried on in part within the district in which it was returned. Frankfort Distilleries v. United States, supra, 144 F.2d at page 831; United States v. New York Great Atlantic & Pacific Tea Co., 5 Cir., 1943, 137 F.2d 459, 463, certiorari denied 320 U.S. 783, 64 S.Ct. 191, 88 L.Ed. 471.

The indictment here under consideration satisfies this requirement.

■■ The portion of the indictment devoted to the manner and means of affecting the object of the conspiracy was most severely assailed by the defendants. The pertinent portions of the indictment relating to this point reads as follows: "13. The aforesaid combination and conspiracy has consisted of a continuing agreement and concert of action among the defendants * * * the substantial terms of which are that they agree to fix, stabilize and control prices for the sale of building materials." The Court notes that this portion of the indictment goes past the words of the statute. The Court holds that the defendants are sufficiently apprised of the agreement charged against them. The particularity of time, place, circumstances and causes in stating the manner and means of effecting the object of a conspiracy is not essential to an indictment of this nature. Glasser v. United States, 1942, 315 U.S. 60, 66, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Greater Kansas City Retail Coal Merchants' Ass'n, D.C.W.D.Mo.1949, 85 F.Supp. 503, 508; See United States v. Maine Lobstermen's Ass'n, D.C.D.Me.1957, 160 F.Supp. 115, 117.

The final essential element of a Sherman Act indictment, the effect of the alleged conspiracy, was not assailed by the defendants and, as a result, the Court will not comment on it.

Concluding, the Court is of the opinion that Fed.R.Crim.P. rule 7(c), 18 U.S.C.A., and the decisions setting out the above stated rules for testing the sufficiency of an indictment brought under the Sherman Act have been satisfied.

Counsel for the Government will prepare and submit an appropriate order in conformity with the Court's ruling.