**UNITED STATES of America,**
**Plaintiff,**

v.

**ARMOUR AND COMPANY et al.,**
**Defendants.**

**Crim. No. 30936.**

United States District Court
S. D. California,
Central Division.

Feb. 13, 1963.

Stanley E. Disney, Anthony E. Desmond, Antitrust Division, Department of Justice, Los Angeles, Cal., for plaintiff.

Lawler, Felix & Hall, Marcus Mattson, J. Phillip Nevins, Los Angeles, Cal., for defendants Armour and Company, Grant M. Farley and Milo B. Medlock.

Faulkner, Sheehan & Wiseman, Harold C. Faulkner, San Francisco, Cal., for defendants Corn Products Company and Stan D. Goodman.

McCutchen, Black, Harnagel & Shea, Philip K. Verleger, G. Richard Doty, Los Angeles, Cal., for defendants The Cudahy Packing Company and Harold B. Reed.

Overton, Lyman & Prince, Carl J. Schuck, Ernest E. Johnson, Los Angeles, Cal., for defendants The Glidden Company, George F. Atkinson and R. J. Hauer.

Philip Patterson, Fullerton, Cal., and Ball, Hunt & Hart, Joseph A. Ball, Clark

Heggeness, Long Beach, Cal., for defendants Wesson Oil & Snowdrift Sales Co., Pierce L. Brothers and Horace Rowley.

Wm. F. McKenna, Paul Fitting, Los Angeles, Cal., and Arnold, Fortas & Porter, Victor H. Kramer, William L. McGovern, Washington, D. C., for defendant Lever Brothers Company.

O'Melveny & Myers, Warren M. Christopher, Rodney E. Nelson, Los Angeles, Cal., and Covington & Burling, Paul C. Warnke, John W. Douglas, Washington, D. C., for defendants The Procter & Gamble Distributing Co. and Fred L. Onken.

Gibson, Dunn & Crutcher, Julian O. Von Kalinowski, John J. Hanson, Los Angeles, Cal., for defendants Swift & Company, J. D. Fleming and H. B. Paisley.

Hill, Farrer & Burrill, Frank D. MacDowell, Los Angeles, Cal., for defendants Vegetable Oil Products Company, Inc., William L. Dickinson and Ray Wear.

J. Edward Simpson, Los Angeles, Cal., for defendant Wilson & Co., Inc.

CURTIS, District Judge.

The defendants were indicted for conspiracy to violate Section 1 of the Sherman Act. It appears that 18 of the Grand Jurors were present and voted to return the indictment, but the defendants have jointly moved to dismiss the indictment, contending that of those who voted for its return there were not 12 who had been present at all sessions and had heard all of the evidence. This is not a valid ground for dismissal. It is the function of the Grand Jury in its proceedings to ascertain whether prima facie grounds for criminal prosecution have been made out sufficient to warrant a trial by petit jury. 38 C.J.S. Grand Juries § 37, p. 1035; United States v. Atlantic Commission Co., D.C., 45 F. Supp. 187; Carroll v. United States, 2 Cir., 16 F.2d 951.

A Grand Jury is primarily concerned with the nature, amount and convincing force of affirmative evidence of guilt, and it is not within the province of the Grand Jury to weigh it against defensive evidence, if any, for the purpose of determining the guilt or innocence of the defendant. Consequently as Judge Learned Hand said in the case of United States ex rel. McCann v. Thompson, 2 Cir., 144 F.2d 604: "If what the absentees actually hear is enough to satisfy them, there would seem to be no reason why they should not vote." This case appears to be controlling, especially since the record in the present case reveals that all members of the Grand Jury voting on the indictment either were present at all sessions or had read transcripts of the testimony taken in their absence.

The motion of the defendants to dismiss upon this ground is without merit and is therefore denied.

## II

The defendants, Corn Products Company and Stan D. Goodman, joined by all the remaining defendants other than Lever Brothers Company have moved to dismiss upon a further ground, contending that the allegations of venue in the indictment are conclusionary[1] and are therefore insufficient since no overt acts have been alleged anywhere in the indictment upon which venue can be predicated.

It appears well established that overt acts need not be alleged in a Sherman Act conspiracy indictment. United States v. A. P. Woodson Company, D. C., 198 F.Supp. 579 and Nash v. United States, 229 U.S. 373, 33 S.Ct. 780, 57 L. Ed. 1232. As the accusatory allegations are deemed sufficient in cases of this kind without the necessity for alleging overt acts there would seem to be no logic requiring the venue allegations to include overt acts. There is no reason to plead

---

1. The indictment reads as follows: "Paragraph 13. The aforesaid combination and conspiracy was formed and carried out, in part, within the Southern District of California, Central Division, and within the jurisdiction of this Court, within five years preceding the return of the indictment. * * * "

venue with greater specificity than the offense.

The motion of defendants to dismiss upon this ground is likewise without merit and is therefore denied.