166 N.J. Super. 570 (1979)
400 A.2d 142
STATE OF NEW JERSEY, PLAINTIFF,
v.
THOMAS REYNOLDS, WARREN LEHMAN, JOHN McDONALD, LOUIS JAMES ROCHELLE, DEFENDANTS.
Superior Court of New Jersey, Law Division (Criminal).
Decided February 20, 1979.
*571 Mr. Steven Secare, Deputy Attorney General, for the State of New Jersey.
Mr. Louis A. Ruprecht, for defendant Thomas Reynolds.
Mr. Thomas C. Brown for defendant Louis James Rochelle.
LANE, A.J.S.C.
Defendants Reynolds and Rochelle have moved to dismiss the indictment on the ground that the *572 indictment was returned by a grand jury the majority of whose members did not hear all of the evidence presented.
Indictment 1706-77 handed up on August 17, 1978 charges defendants Lehman, Reynolds and Rochelle with murder, N.J.S.A. 2A:113-1, N.J.S.A. 2A:113-2, counts one, two and three, respectively. Count four charges defendant McDonald with aiding and abetting a murder, N.J.S.A. 2A:85-14, N.J.S.A. 2A:113-1, N.J.S.A. 2A:113-2. Count five charges defendant Lehman with atrocious assault and battery, N.J.S.A. 2A:90-1. Count six charges defendant Reynolds with atrocious assault and battery, N.J.S.A. 2A:90-1.
Upon motion of defense counsel the court personally examined the grand jury vote tallies and attendance sheets for the grand jury that returned the indictment. See State v. Coffee, 56 Conn. 399, 16 A. 151, 152 (Sup. Ct. Err. 1888). Evidence was considered on three separate days. Fifteen grand jurors voted for the indictment. Two of those voting were absent during the presentation of evidence on one date; three, on another date. Four grand jurors were involved, one being absent on both dates. It affirmatively appears, therefore, that of the 15 grand jurors voting this indictment, only 11 actually were present each time relevant evidence was presented. Defendants argue that the indictment must be dismissed because the evidence was not heard by 12 grand jurors and the indictment returned by those 12 grand jurors.
N.J. Const., Art. I, ¶ 8, provides: "No person shall be held to answer for a criminal offense, unless on the presentment or indictment of a grand jury, * * *." A grand jury shall be composed of not more than 23 individuals. N.J.S.A. 2A:73-1. See also, R. 3:6-1. At least 12 grand jurors must vote to indict. State v. McFeeley, 134 N.J.L. 463, 465 (Sup. Ct. 1946); R. 3:6-8(a). See also, 31 N.J. Practice (Arnold, Criminal Practice and Procedure, 1976), § 349.
*573 An indictment should be dismissed only on the clearest and plainest grounds. State v. Suit, 129 N.J. Super. 336, 339 (Law Div. 1974). Conversely, an indictment should not be dismissed unless its insufficiency is palpably shown. State v. McDowney, 49 N.J. 471, 474 (1967); State v. LaFera, 35 N.J. 75, 81 (1961). In considering a motion to dismiss, a court should exercise discretion so as not to be arbitrary, vague or fanciful, but rather should act in accordance with established principles of law. State v. Silverstein, 76 N.J. Super. 536, 540 (App. Div. 1962), aff'd 41 N.J. 203 (1963).
In speaking to the nature and purpose of the grand jury in this country, the United States Supreme Court has stated in Wood v. Georgia, 370 U.S. 375, 82 S.Ct. 1364, 8 L.Ed.2d 569 (1962):
Historically, this body has been regarded as a primary security to the innocent against hasty, malicious and oppressive persecution; it serves the invaluable function in our society of standing between the accuser and the accused, whether the latter be an individual, minority group, or other, to determine whether a charge is founded upon reason or was dictated by an intimidating power or by malice and personal ill will * * *. [at 390, 82 S.Ct. at 1373]
See also, United States v. Dionisio, 410 U.S. 1, 17, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973); Ex Parte Bain, 121 U.S. 1, 11, 7 S.Ct. 781, 30 L.Ed. 849 (1887).
Although research has disclosed no case directly on point in this jurisdiction, the issue was considered in United States ex rel. McCann v. Thompson, 144 F.2d 604 (2 Cir.), cert. den. 323 U.S. 790, 65 S.Ct. 313, 89 L.Ed. 630 (1944). Judge Learned Hand stated:
* * * As to the second objection, it has also already appeared that not all the qualified twelve, who voted a true bill, had heard all the evidence; and there is plenty of authority that, if any of a petit jury are asleep, or drunk, or otherwise unable to attend to the evidence, it vitiates the verdict. * * * On principle the objection seems to us not well taken. Since all the evidence adduced before a grand jury  certainly when the accused does not appear  is aimed at *574 proving guilt, the absence of some jurors during some part of the hearings will ordinarily merely weaken the prosecution's case. If what the absentees actually hear is enough to satisfy them, there would seem to be no reason why they should not vote. Against this we can think of nothing except the possibility that some of the evidence adduced by the prosecution might conceivably turn out to be favorable to the accused; and that, if the absentees had heard it, they might have refused to vote a true bill. No one can be entirely sure that this can never occur; but it appears to us so remote a chance that it should be left to those instances in which it can be made to appear that the evidence not heard was of that character, in spite of the extreme difficulty of ever proving what was the evidence before a grand jury. Indeed, the possibility that not all who vote will hear all the evidence, is a reasonable inference from the fact that sixteen is a quorum. Were the law as the relator argues, it would practically mean that all jurors present at the beginning of any case, must remain to the end, for it will always be impossible to tell in advance whether twelve will eventually vote a true bill, and if they do, who those twelve will be. The result of such a doctrine would therefore be that in a long case, or in a case where there are intervals in the taking of evidence, the privilege of absence would not exist. That would certainly be an innovation, for the contrary practice has, so far as we are aware, been universal; and it would be an onerous and unnecessary innovation. * * * [at 607]
See also, Lustiger v. United States, 386 F.2d 132, 139 (9 Cir.1967), cert. den. 390 U.S. 951, 88 S.Ct. 1042, 19 L.Ed.2d 1142 (1968); United States v. Armour & Co., 214 F. Supp. 123, 124 (D. Ct. Cal. 1963). Cf. Abbott v. Superior Court of Pima County, 86 Ariz. 309, 345 P.2d 776 (Sup. Ct. 1959); People v. Brinkman, 205 Misc. 337, 126 N.Y.S.2d 495 rev'd 286 App. Div. 889, 142 N.Y.S.2d 389 aff'd 309 N.Y. 974, 132 N.E.2d 334 (Ct. App. 1954); Commonwealth v. Levinson, 480 Pa. 273, 389 A.2d 1062 (Sup. Ct. 1978).
Although the opinion of the Circuit Court is entitled to great weight, it is not binding upon this court. Times and legal thinking have changed since Judge Hand's decision in McCann. The Supreme Court of the United States has been according increasing emphasis upon the concept of the grand jury as a protective bulwark standing solidly between the ordinary citizen and the criminal justice system. United States v. Dionisio, supra, 410 U.S. at 17, 93 S.Ct. *575 764. In State v. Porro, 152 N.J. Super. 179, 184 (App. Div. 1977), the Court stated that a function of a grand jury "has been to sift accusations of criminal conduct, * * * and to protect individuals against arbitrary, oppressive and unwarranted criminal accusations."
Where only 11 of the necessary 12 grand jurors required to return an indictment were present to hear the entire presentation of the evidence presented to the grand jury, the indictment must fail. In such a case the function of the grand jury as "standing between the accused and the accuser," Wood v. Georgia, supra, 370 U.S. at 390, 82 S.Ct. at 1373, has been irremedially compromised. In this State the duty of the grand jury is to determine whether a crime has been committed and whether the accused should be required to stand trial on the charge. State v. Price, 108 N.J. Super. 272, 276-277 (Law Div. 1970). This function cannot be faithfully performed where the required minimum number of grand jurors voting the indictment is composed of individuals absent during substantial portions of the presentation of the State's case. See, Annotation, "Absence of Grand Jurors During Hearing As Affecting Indictment," 156 A.L.R. 248; see generally, 42 C.J.S. Indictment and Informations § 24.
Indictment 1706-77 is dismissed as to all defendants. Of course, the State may re-present the matter to a presently sitting grand jury.