**UNITED STATES of America**

v.

**Edward M. VAUGHN, Jr., Richard S. Holtzman, Joseph Morris and Elmore Mc Carroll.**

**Crim. A. No. 80–414.**

United States District Court, D. New Jersey.

March 26, 1981.

Kenneth N. Laptook, Samuel Rosenthal, Asst. U. S. Attys., Newark, N. J., for plaintiff.

Donald Horowitz, Cummins, Dunn, Horowitz & Pashman, Hackensack, N. J., for defendant Vaughn.

## OPINION

WHIPPLE, Senior District Judge.

This matter is before this Court on the motion of defendant Edward Vaughn for dismissal of the indictment as well as several discovery motions. For the reasons which follow, these motions will be denied, except as to those discovery requests which were otherwise disposed of at oral argument.

■ As a preliminary matter, this Court will address the motion made by defendant at oral argument that the dismissal and discovery motions be considered by the Court as unopposed, and that the Court disregard the Government's brief, because of the untimely filing of that brief. This Court finds that despite the untimely filing of the Government's brief, defendant has had a full and fair opportunity to present his arguments to the Court and to rebut those presented by the Government. Accordingly, this motion is denied.

Vaughn seeks dismissal of the indictment on two grounds: pre-indictment delay, and violation of the Speedy Trial Act. Those arguments, as well as the discovery motions, will be considered separately.

### Pre-Indictment Delay

Colonel Vaughn contends that he was prejudiced by the lengthy delay between the initiation in 1976 of the investigation into this criminal matter, and the return of the indictment on December 19, 1980. Specifically, Vaughn asserts that all of the facts which form the basis of the indictment were known to the Government as early as 1977, yet no indictment was returned until late 1980. In the interim, Mr. Martin, a key witness and Vaughn's stepfather, has died, and Vaughn's career has been "clouded" by the pendency of this action. Therefore, argues Vaughn, proceeding with the prosecution of this action would violate his due process rights.

■ Dismissal of an indictment for pre-indictment delay is proper only where the

defendant can show both 1) actual substantial prejudice occasioned by the delay, *United States v. Lovasco*, 431 U.S. 783, 790–95, 97 S.Ct. 2044, 2048–51, 52 L.Ed.2d 752 (1977); *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971), and 2) that the delay was not investigative delay, but was intentionally caused by the Government for tactical purposes. *Id.*

■ Neither of these essential elements has been shown by Vaughn. Continued prosecution of this matter notwithstanding the death of Mr. Martin does not violate due process in the absence of any showing of actual prejudice. *See United States v. United States Gypsum Co.*, 550 F.2d 115, 117–119 (3d Cir. 1977), *aff'd*, 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978) (delay of eight years during which thirty-six potential witnesses died); *United States v. Dukow*, 453 F.2d 1328, 1330 (3d Cir.), *cert. denied*, 406 U.S. 945, 92 S.Ct. 2042, 32 L.Ed.2d 331 (1972) (delay of as much as 55 months, during which two potential witnesses died). Here, Vaughn has failed to demonstrate that Mr. Martin would have been an important defense witness in this case. Defendant has made no offer of the testimony Martin would have given, nor any indication that Martin possessed unique knowledge of the transactions in question. *Id.* at 1330. Rather, it appears as though Mr. Martin was familiar only with the facts pertinent to several concurrent civil actions in which Mr. Martin is a named defendant with Vaughn. Additionally, no showing of actual prejudice has been made regarding the ability of Mr. Vaughn to present his defense, regardless of any personal strain he may have suffered due to the delay. Nor has Vaughn shown in any way that the Government deliberately delayed the indictment for any reason other than to properly conduct a thorough investigation of the matter. *See U. S. v. Lovasco, supra*, 431 U.S. at 794–95, 97 S.Ct. at 2051. Accordingly, Vaughn's motion to dismiss the indictment for pre-indictment delay must be denied.

*Speedy Trial Act Violation*

Alternatively, Vaughn argues that the indictment must be dismissed because his rights under the Speedy Trial Act, 18 U.S.C. § 3161(c), and the Plan for Prompt Disposition of Criminal Cases in this district (the "Plan") have been violated.

18 U.S.C. § 3161(c)(1) provides:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (*and making public*) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, *whichever date last occurs.* If a defendant consents in writing to be tried before a magistrate on a complaint, the trial shall commence within seventy days from the date of such consent. [Emphasis added.]

The Plan essentially adopts this federal statutory provision *in toto.* It states in pertinent part:

4. Time Within Which Trial Must Commence.

(a) *Time Limits.*

The trial of a defendant shall commence not later than 70 days after the last to occur of the following dates:

(1) The date on which an indictment or information is filed in this District;

(2) The date on which a sealed indictment or information is unsealed; or

(3) The date of the defendant's first appearance before a judicial officer of this District.

The indictment against Vaughn was returned on December 19, 1980, but was sealed in order to give the Government time to locate and issue bench warrants for the other three co-defendants. The indictment was unsealed and "made public" on January 7, 1981 and on January 22, 1981 Vaughn was arraigned. A trial date of March 30, 1981 has been set.

Vaughn contends that the indictment was not sealed on his behalf, and therefore the

trial should have taken place no later than 70 days after the date the indictment against him was returned, i. e., February 27, 1981. To hold a trial after that date would deny Vaughn his speedy trial rights. Additionally, Vaughn argues that the seventy days referred to in both 18 .U.S.C. § 3161(c)(1) and the Plan may not be counted from the date of arraignment, which normally occurs subsequent to the return and/or "making public of" the indictment. Otherwise, argues Vaughn, the Government may at will eviscerate a defendant's speedy trial rights by adjourning the arraignment date.

▮ Vaughn's arguments fly in the face of the clear language of both the federal statute and the Plan. The statute and Plan plainly and unambiguously require that trial commence within seventy days of the indictment being made public (i. e. unsealed) *or* the defendant's appearance before a judicial officer of this District, *"whichever date last occurs."* 18 U.S.C. § 3161(c)(1). (Emphasis added.) *See also United States v. Watson,* 599 F.2d 1149, 1156–57 (2d Cir. 1979) (holding that "the speedy trial right under the Sixth Amendment attaches not when a sealed indictment is filed but when it is unsealed . . . .").

Accordingly, defendant Vaughn's motion to dismiss for violation of his speedy trial rights must be dismissed.

### Discovery Motions

▮ Vaughn's motion for an order directing the Government to give him access to the documents, information and property embodied in paragraph 3, (a) through (e) of the Notice of Motion are denied.[1] These materials are not properly discoverable, either under Rule 16, Fed.R.Cr.P., or the Jencks Act, 18 U.S.C. § 3500.[2] Likewise defendant's motion for an order directing the Government to file a Bill of Particulars of matters set out in paragraph 4(a), specifically, "any overt acts not enumerated in the indictment concerning which acts the Government intends to offer evidence at the trial in this action," is denied.[3] Finally, defendant's request in paragraph 5 of his Notice of Motion for an order directing the Government to turn over the names of all grand jurors in each of the grand juries which considered this matter, the dates evidence was presented to each grand jury, attendance and vote tally sheets, as well as a list, by dates, "of testimony of witnesses who testified before the Grand Juries . . . ." is denied. Disclosure of this information would undermine Fed.R.Cr.P. 6(e), which requires that grand jury proceedings be kept secret.[4] This is especially true here because the defendant has made no discreet showing of any need for such disclosure. Nor has defendant made the slightest showing that any grand juror was absent when relevant evidence was presented, such that "the required minimum number of jurors voting the indictment was composed of individuals absent during substantial portions of presentation of the [Government's] case." *State v. Reynolds,* 166 N.J.Super. 570, 575, 400 A.2d 142 (Law Div.1979). Rather, in the instant case, the "presumption of regularity" which attaches to grand jury proceedings applies, and the defendant's re-

1. Paragraph 3(f) was disposed of at oral argument.

2. Cases denying such discovery demands as unwarranted "shotgun fishing expeditions" are legion. *See e. g., United States v. Addonizio,* 451 F.2d 49, 64 (3d Cir.), *cert. denied,* 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972); *United States v. Fioravanti,* 412 F.2d 407, 410–11 (3d Cir.), *cert. denied,* 396 U.S. 837, 90 S.Ct. 97, 24 L.Ed.2d 88 (1969).

3. Paragraph 4(b) was disposed of at oral argument.

4. *See In the Matter of the Grand Jury Empaneled October 18, 1979 (Edward Hughes),* (slip opinion at 8–9, Third Circuit, June 30, 1980) (holding that "unlimited discovery would conflict with the grand jury secrecy provisions of Rule 6(e) of the Federal Rules of Criminal Procedure."). *See also, Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 218, 99 S.Ct. 1667, 1672, 60 L.Ed.2d 156 (1979); *United States v. Proctor & Gamble,* 356 U.S. 677, 681, 78 S.Ct. 983, 985, 2 L.Ed.2d 1077 (1958); *United States v. Rose,* 215 F.2d 617, 628–29 (3d Cir. 1954); *In Re 1979 Grand Jury Proceedings,* 479 F.Supp. 93, 95 (S.D.N.Y. 1979).

quest is denied. *In re Grand Jury Proceedings (Schofield I)*, 486 F.2d 85, 92 (3d Cir. 1973). The rationale for so holding is best stated by the Court in *United States v. Colasudro*, 453 F.2d 585, 596 (2d Cir. 1971):

Appellants argue that they should have been permitted to inspect the grand jury attendance records to determine whether '12 or more jurors' under Fed.R.Crim.P. 6(f) were sufficiently in attendance when evidence to support each of the '233 decisions,' involving 11 defendants and 45 counts was made by the grand jury. The rather ingenious suggestion by counsel that would require a preliminary trial to determine not just the sufficiency of the evidence on each count to sustain the individual count, but a determination of each juror's presence at the time when each item of evidence was introduced would bog down the courts in a morass, a veritable jungle of speculation and conjecture.

*See also, United States ex rel. McCann v. Thompson*, 144 F.2d 604, 607 (2d Cir.), *cert. denied*, 323 U.S. 790, 65 S.Ct. 313, 89 L.Ed. 630 (1944).

Accordingly, defendant's motion for discovery embodied in paragraph 5 of his Notice of Motion is denied.

To summarize, defendant's motion for dismissal of the indictment for pre-indictment delay and/or violation of his speedy trial rights is denied. Furthermore, defendant's discovery requests in paragraph 3, (a)–(e), inclusive, paragraphs 4(a), and paragraph 5 of his Notice of Motion are denied. The Government shall prepare the appropriate order within five (5) days of this opinion.