**UNITED STATES of America**

v.

**Willard S. CARLOCK, Sr., et al.**

**Civ. A. No. 85–20002–02.**

United States District Court,
W.D. Louisiana,
Lake Charles Division.

April 11, 1985.

Joseph S. Cage, Jr., U.S. Atty., W.D. La., Shreveport, La., Larry J. Regan, Asst. U.S. Atty., W.D. La., Lake Charles, La., William S. Lynch Sr., Counsel for Litigation Criminal Div., U.S. Dept. of Justice, and Peter Sprung, Trial Atty., Criminal Div., U.S. Dept. of Justice, Washington, D.C., for United States.

Oliver "Jackson" Schrumpf, Sulphur, La., for Willard S. Carlock, Sr.

John P. Navarre, Oakdale, La., for Columbus J. Laird.

J. Michael Small, Kathrine S. Williamson, Alexandria, La., for Willard S. Carlock, Jr.

John R. Martzell, New Orleans, La., William B. Baggett, Jr., Lake Charles, La., for Mitchell J. Scimemi.

John E. Demoruelle, Kinder, La., for Houston Byrd, Jr.

C. Frank Holthaus, Baton Rouge, La., Glen D. Vamvoras, Lake Charles, La., for Monroe Brabham.

Alva Jones, Oakdale, La., for Michael Greer.

## RULING ON MOTION BY DEFENDANT COLUMBUS J. LAIRD FOR INSPECTION OF JURY LISTS

VERON, District Judge.

This matter comes before the Court on the motion of defendant COLUMBUS J. LAIRD for permission to inspect, reproduce and copy (1) all records and papers used during selection and empanelment of the grand jury which returned the instant indictment, and (2) all corresponding materials pertaining to the selection of the prospective members of the petit jury that will hear this case. The defendant contends that he must have access to these materials in order to determine whether he has a potentially meritorious challenge to the jury-selection procedures actually employed in this case.

The decision in *Test v. United States*, 420 U.S. 28, 95 S.Ct. 749, 42 L.Ed.2d 786 (1975), establishes that 28 U.S.C. § 1867(f) grants both criminal and civil litigants *"essentially* an *unqualified* right to inspect jury lists." 420 U.S. at 30, 95 S.Ct. at 750 (first emphasis added). Both the *Test* case and controlling Fifth Circuit authority further establish that the trial court cannot deny access to the jury selection materials on the ground that the motion for inspection is not accompanied by an affidavit establishing a *prima facie* case of defective jury selection. 420 U.S. at 29 n. 2, 95 S.Ct. 750 n. 2; *Government of Canal Zone v. Davis*, 592 F.2d 887, 889 (5th Cir.1979). Moreover, the trial court cannot require a litigant to file a motion to dismiss for defective jury selection procedures as a prerequisite for gaining access to the materials. *Davis*, 592 F.2d at 889. Section 1867 guarantees this preliminary right of inspection for the very purpose of *"preparation* ... of a motion" to dismiss for defective jury selection procedures. 28 U.S.C. § 1867(f) (emphasis added). Thus, the defendant should be allowed access to at least those materials pertaining to the preparation of the master jury wheel and the qualified jury wheel for the Lake Charles Division. *United States v. Foundas*, 615 F.2d 1130 (5th Cir.1980).

Although "essentially unqualified," the right of access involved here is not without limitations, especially with respect to the list of prospective jurors drawn for a particular case. The *Test* Court itself observed that inspection under the statute is limited to "reasonable times," and specifically noted that an issue of timeliness of access was not before the Court. 420 U.S. at 30 n. 4; 95 S.Ct. 750 n. 4; *see also* 28 U.S.C. § 1867(f) ("The parties in a case shall be allowed to inspect, reproduce and copy such records or papers *at all reasonable times* during the preparation and pendency of such a motion." [emphasis added]). This notation by the Supreme Court is quite significant in light of the long line of Fifth Circuit cases which hold that the trial court may withhold the list of prospective jurors until the time of trial.

*See, e.g., United States v. Scallion,* 533 F.2d 903, 913–14 (5th Cir.1976); *Stone v. United States,* 324 F.2d 804, 806–07 (5th Cir.1963). The Circuit has adhered to this rule in cases decided under the statute relied upon here, the Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1862–1869. *See United States v. Tucker,* 526 F.2d 279, 282–83 (5th Cir.1976). In line with this authority to limit inspection to reasonable times, Subparagraph 5(4) of the Plan of the United States District Court for the Western District of Louisiana for the Random Selection of Grand and Petit Jurors provides that "[n]ames drawn from the qualified jury wheel in criminal cases shall not be disclosed until the jurors have been empaneled by the Court." Thus, in accordance with the Plan and the supporting Fifth Circuit authority, the Court will deny the defendant access to the list of prospective jurors drawn for this case and to the materials used in selecting a petit jury from these prospective jurors until after the jury is empaneled. The defendant will have seven days from the empaneling of the jury to review these materials and file any resulting motions. See 28 U.S.C. § 1867(a).

■ Similarly, the Court does not find that the present is a reasonable time for access either to the list of jurors who served on the grand jury that returned the instant indictment or to the materials used in selecting this particular grand jury. Through discussion with personnel in the Clerk's Office, the Court has learned that the grand jury that returned this indictment is still in session. Revelation of the names of the jurors at this time may well "chill" the individual jurors in the exercise of their duty to investigate criminal activity in the district. The Court will therefore deny the defendant access to the list of grand jurors and accompanying materials until (1) the present grand jury has been discharged, and (2) the defendant demonstrates that he has inspected the materials pertaining to the master and qualified jury wheels for this division and that inspection of the materials pertaining to the list of grand jurors nonetheless remains necessary to determine whether the grand jury was selected properly. *Cf. United States v. McLernon,* 746 F.2d 1098, 1122–23 (6th Cir.1984) (on the facts before the Court, the defendant's unqualified right to inspection was satisfied by disclosure of the master lists and the relevant demographic data about the general pool from which the specific grand jurors were selected and the district court therefore did not err in refusing to grant access to the names, addresses, and demographics of the specific grand jurors who returned the indictment). The defendant will have seven days from the granting of any such motion for access to review the materials and file any resulting motions.

Accordingly, the motion by defendant COLUMBUS J. LAIRD for inspection of jury selection material is GRANTED IN PART to the extent that it seeks access to the selection materials pertaining to the master and qualified jury wheels for the Lake Charles Division, subject to the limitations set forth in the accompanying order. In all other respects, the motion is DENIED at this time.

### ORDER

This matter having come before the Court on the motion of defendant COLUMBUS J. LAIRD for inspection of jury lists and the issues having been heard and in accordance with the written reasons assigned this date

IT IS ORDERED

(1) The Clerk of Court shall afford defendant COLUMBUS J. LAIRD access to the records and materials used in selection of the master jury wheel and qualified jury wheel for the Lake Charles Division for the purposes of inspection, reproduction and copying. This right of access specifically includes supervised access to the Clerk's Office in Shreveport, Louisiana for inspection, reproduction and copying of the completed juror qualification forms pertaining to the master and qualified jury wheels for

the Division and supervised access to the computer center in Metairie, Louisiana that handles the District's jury wheels. The defendant may exercise this right of access only by appointment and must bear all accompanying expenses, including any computer costs incurred in producing printouts of the master and qualified jury wheels that are not otherwise available.

(2) Until further contrary order of this Court, the Clerk of Court, his staff, and the staff at the computer center in Metairie, shall NOT afford, and defendant COLUMBUS J. LAIRD is specifically DENIED, access to (a) the list of prospective jurors drawn for this case, (b) materials pertaining to the selection of a petit jury from this list of prospective jurors, (c) the list of jurors on the grand jury that returned the instant indictment, and (d) materials pertaining to the selection of that grand jury. Furthermore, the Clerk, his staff, and the staff at the computer center in Metairie shall in no way indicate any manner in which the list of prospective jurors or the list of grand jurors might be determined by reference to the master and qualified jury wheels. Violation of this paragraph will be considered not only as contempt of court, but also as a violation of 28 U.S.C. § 1867(f), which imposes a maximum sentence of $1000 and imprisonment for one year. If the court or computer personnel are confronted with an attempt by the defendant to determine the contents of these lists, or if the court or computer personnel have any questions as to their duties under this Order, they are to contact the Court immediately at (318) 437-7211.

(3) No Government or defense attorney in this action, or any defendant, or any other person acting on their behalf, shall himself, or through any investigator or other person acting for him, interview, examine, question or contact any prospective juror for this case, or any juror on the grand jury that returned the instant indictment, or any relatives, friends or associates of such prospective juror or grand juror, either prior to trial, during the pendency of trial, or with respect to the deliberations or verdict of the grand and petit juries in this action, except on express written leave of this Court on good cause shown. Violations of this paragraph will not only be considered as contempt of court, but will also be reported to the Justice Department for investigation.