61 F.3d 908
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Michael Robert BABCOCK, Appellant.
 No. 95-1945.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 7, 1995.
Filed: July 26, 1995.
 
 Before BOWMAN, WOLLMAN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael R. Babcock was indicted for willfully failing to file tax returns for income he earned in 1992 and 1993, in violation of 26 U.S.C. Sec. 7203. Following a bench trial, the district court found him guilty on both counts and sentenced him to eight months imprisonment and one-year supervised released, and ordered him to pay restitution. Babcock appeals, and we affirm.
 
 
 2
 We reject Babcock's argument that, in sentencing him, the district court constructively amended the indictment by considering the tax deficiency occasioned by his failure to file a return in 1991. Such failure was relevant conduct even if not specifically charged, and thus the 1991 deficiency was properly included in the calculation of the $16,266 tax loss attributable to him. See U.S.S.G. Sec. 2T1.1(a)(1) and comment. (n.2); United States v. Meek, 998 F.2d 776, 781-82 (10th Cir.1993) (base offense level could be increased by counting tax loss for failure to file returns in years other than those for which defendant charged). Contrary to Babcock's assertions, his term of imprisonment was within the relevant Sentencing Guidelines range. See U.S.S.G. Sec. 2T4.1(F).
 
 
 3
 The imposition of one year supervised release for Babcock's misdemeanor offense also was appropriate. See 18 U.S.C. Sec. 3583(b)(3). Furthermore, although Babcock argues the district court ignored his statements made in allocution, we believe the court fully complied with Federal Rule of Criminal Procedure 32(c)(3)(C). Cf. United States v. Brown, 821 F.2d 986, 991 (4th Cir.1987) (Rule 32 satisfied when judge invited defendant and attorney to present information on defendant's behalf; judge not required to agree with what was said).
 
 
 4
 We reject Babcock's remaining arguments as meritless. See Fed. R. Crim. P. 7(a) (misdemeanor may be prosecuted by indictment or information); United States v. Thiel, 619 F.2d 778, 782 (8th Cir.) (rejecting constitutional challenge to Sec. 7203 as frivolous), cert. denied, 449 U.S. 856 (1980); In re Grand Jury Investigation, 903 F.2d 180, 182 (3d Cir.1990) (defendants normally not entitled to names of grand jury members).
 
 
 5
 Accordingly, we affirm.