USA v. Steven Swan                    CR-03-36-B    07/22/03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**United States of America**

    **v.**                              Criminal No.  03-36-01-B
                                  Opinion No. 2003 DNH 137
**Steven A. Swan**


MEMORANDUM AND ORDER

The defendant, Steven A. Swan, moves to inspect and copy information pertaining to the grand jury selection process and the particular grand jurors who voted to indict him.  The government objects insofar as Swan's request seeks the personal information and voting record of grand jurors.  I grant Swan's motion in part, and deny it in part.

Swan's request for information pertaining to the grand jury selection process is grounded in section 1867(f) of the Jury Selection and Service Act, 28 U.S.C. §§ 1861 et seq. (1994). Section 1867(f) states:

> The contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed, except pursuant to the district court plan or as may be necessary in the preparation or presentation of a motion under [this section]. . . . The parties in a case shall be allowed to inspect, reproduce, and copy

such records or papers . . . during the preparation and pendency of such a motion.

28 U.S.C. § 1867(f). This provision expressly prohibits the disclosure of records and papers used in the jury selection process, unless they are shown to be "necessary" in preparing a motion to challenge the process itself.[1]

In Test v. United States, 420 U.S. 28 (1975), the United States Supreme Court held that section 1867(f) grants a litigant "essentially an unqualified right to inspect jury lists." Id. at 30. This is so because without access to jury lists, a litigant's ability to determine whether he has a legitimate challenge to the jury selection process is significantly hampered. In order "[t]o avail himself of the right of access to jury selection records, a litigant need only allege that he is preparing a motion to challenge the jury selection process." United States v. Royal, 100 F.3d 1019, 1025 (1st Cir. 1996).

The issue here is whether personal information (i.e., name, address, phone number) and the voting record of individuals who

---

[1] In regard to the "district court plan," 28 U.S.C. § 1867(f), the Plan of this court specifically refers all requests for documents regarding the jury selection process to the chief judge. See United States District Court of New Hampshire, District Court Plan, Section 13.

sat on the grand jury that indicted the defendant is included in his "unqualified right" to jury lists under section 1867(f). Specifically, Swan requests disclosure of records that reveal the name and vote of each grand juror who indicted him. Such records include juror questionnaires and juror concurrence forms (voting record of the grand jury).

Courts faced with such requests generally limit the litigant's "unqualified right" to grand jury lists and deny access to records that either reveal personal information of grand jurors or pierce the secrecy of the proceedings. This is so because to give a litigant an absolute right of routine access to any and all records would "expand the [Jury Selection and Service Act] beyond its boundaries." United States v. Davenport, 824 F.2d 1511, 1515 (7th Cir. 1987); Test, 420 U.S. at 30. More importantly, serious concern is raised that if there is an absolute right to the type of information Swan seeks - names and voting records of the grand jury that indicted him - "there would exist the possibility of substantial abuse of the information . . . which could have serious consequences for individual jurors and the system." Davenport, 824 F.2d at 1515. Furthermore, unbounded exploration of all records, particularly those records

-3-

relating to the votes of a grand jury, invades the sanctity and secrecy of the grand jury process. Also, how a jury voted has little or no relevance to whether the jury was properly selected.

Based on these compelling concerns, I concur with other courts that limit a litigant's "unqualified right" when the information sought pertains to juror's personal information and opinion of the case. See Davenport, 824 F.2d at 1514-15; United States v. Hansel, 70 F.3d 6, 8 (2nd 1996)(party requesting names of grand jurors must make strong showing of particularized need); United States v. Harvey, 756 F.2d 636, 642-43 (8th Cir. 1985) (district court allowed defendants to inspect data relating to the constituency and method of the grand jury selection, but omitted the names and addresses of persons on the master grand jury list); United States v. McLernon, 746 F.2d 1098, 1122-1123 (6th Cir. 1984)(district court did not err in denying defendants' motion to inspect and copy the names, addresses and questionnaires of the grand jurors who returned the indictments against them; district court found that defendants were only entitled to the master lists from which the grand jurors are drawn, together with the relevant demographic data); United States v. Ailsworth, 1994 WL 539347 at *23 (D. Kan. 1994); United

States v. Carlock, 606 F. Supp. 491 (W.D. La. 1985).

Although the issue before me has not yet been addressed by the First Circuit, I note that the Court recognizes that some records, such as jury questionnaires, are treated differently by section 1867(f). See United States v. Schneider, 111 F.3d 197, 204 (1st Cir. 1997) (citing Davenport, 824 F.2d at 1514-15). I agree that some information must be treated differently. In order to avail himself of information pertaining to the voting record or personal information of a grand jury, a litigant should be required to make a particularized showing as to why the information is necessary to a potential challenge to the jury selection process. See Hansel, 70 F.3d at 8; Davenport, 824 F.2d at 1515.

Swan offers no reason why he needs to know names of the grand jurors and whether they voted to indict him. Accordingly, I deny Swan's motion (Doc. No. 32) insofar as it requests the personal information and votes of the grand jury that indicted him. Swan's motion is granted as to his request for jury lists and any other records used in the jury selection process. If, after reviewing such information, Swan can make a particularized showing as to why the names and specific votes of the grand jury

-5-

that indicted him is necessary to challenge the jury selection process, further disclosure may be appropriate.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

July 22, 2003

cc:  Steven A. Swan
     William Morse, AUSA
     Michael C. Shklar, Esq.
     United States Marshal
     United States Probation