## In re FEDERAL GRAND JURY PROCEEDINGS 03–01.

### No. 04–9071–MISC–CR.

United States District Court, D. Oregon.

Sept. 20, 2004.

---

Charles F. Gorder, Jr., David L. Atkinson, Pamala R. Holsinger, Portland, OR, for Plaintiff.

Elden M. Rosenthal, Rosenthal & Greene, PC, Portland, OR, Gerry Spence, The Spence Law Firm, LLC, Jackson, WY, Michele Longo Eder, Michele Longo Eder, Attorney at Law, LLC, Newport, OR, for Material Witness.

### ORDER

ROBERT E. JONES, District Judge.

This matter, which was dismissed by Order dated May 24, 2004, is before the court on three remaining motions [1]: (1) the Government's Motion to Amend Order Re-

---

1. A fourth motion, the Government's first Motion to Amend Order Requiring Destruction of Seized Items (# 43), filed June 4, 2004, is moot.

quiring Destruction of Seized Items (# 59), filed under seal; (2) Brandon Mayfield's Motion to Remove From Under Seal the United States's Motion to Amend Order Requiring Destruction of Seized Items, and to Remove From Under Seal Brandon Mayfield's Reply (# 63); and (3) the Government's Motion to Seal Reply Memorandum in Support of Motion to Amend Order Requiring Destruction of Seized Items (# 68). For the reasons stated and within the parameters specified below, the Government's motion to amend is granted; Mayfield's motion to unseal is granted in part and denied in part; and the Government's motion to seal is denied.

Because this opinion and order will not be filed under seal, I address the motions to seal and unseal first, before turning to the Government's motion to amend.

### 1. *Motion to Unseal; Motion to Seal*

■ The Government's motion to amend was filed under seal. Mayfield moves to unseal the Government's motion as well as his response to that motion. In turn, the Government moves to seal its reply in support of the motion to amend.

According to the Government, Fed. R.Crim.P. 6(e)(6), which applies to matters occurring before a grand jury, requires the motion to amend to be handled under seal. Alternatively, the Government asks that if the motion to amend is unsealed, then "the *entire matter* should be unsealed," including the substance of the information at issue in the motion. *See* Response to Witness' Motion to Unseal, p. 3 (emphasis in original). Mayfield, in turn, argues that the grand jury proceedings concerning him have ended and the nature of those proceedings have been made public; consequently, he contends, the Government's concern for grand jury secrecy is unfounded. Mayfield asks, however, that "the content of private and personal papers, documents or data seized from Mr. Mayfield or

his family" not be disclosed. Memorandum In Support Of Brandon Mayfield's Motion To Remove From Under Seal, p. 3.

■ Fed.R.Crim.P. 6(e)(6) provides: Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury.

The secrecy protection of Rule 6(e)(6) endures beyond the term of the grand jury. *See AFL–CIO v. FEC*, 333 F.3d 168, 175 (D.C.Cir.2003) ("[Rule] 6(e)(6) continues to protect suspects exonerated by a grand jury") (*citing Illinois v. Abbott & Assocs.*, 460 U.S. 557, 566 n. 11, 103 S.Ct. 1356, 75 L.Ed.2d 281 (1983)). The scope of secrecy includes information that may directly or indirectly reveal what transpired in a grand jury proceeding. *See In re Grand Jury Investigation*, 903 F.2d 180, 182 (3d Cir.1990) (Rule 6(e) secrecy protects the grand jury's deliberative process by keeping sealed the "essence of what took place in the grand jury room"); *see also, In re Grand Jury Matter*, 682 F.2d 61, 63 (3d Cir.1982) ("Rule 6(e) applies * * * to anything which may reveal what occurred before the grand jury") (citation omitted).

In this matter, although given the opportunity shortly after his arrest, Mayfield never appeared before a grand jury. Nor was he ever charged with any crime. Significantly, the essence of the material witness proceeding already is in the public record: Mayfield's identity, the charges against him that were being investigated, the affidavits in support of the search warrant applications describing the nature and manner of the FBI's surveillance, and the court's May 24, 2004, order instructing the Government to return Mayfield's property and destroy any copies. The Government's assertion of grand jury secrecy under Rule 6(e)(6) is moot on the open record

in this matter. Specifically, any need to keep the records sealed to protect the disclosure of Mayfield's identity, *see United States v. Procter & Gamble Co.,* 356 U.S. 677, 682 n. 6, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958), is moot because Mayfield's identity as a material witness has been known publicly since the time of his arrest. Of course, secrecy does remain to protect the identities of other individuals or matters considered by the grand jury while investigating Mayfield.

■ In view of the unique situation presented by this material witness proceeding, I conclude that the Government's motion to amend should be unsealed. That conclusion requires me to address Mayfield's request, contained in his memorandum in support of his motion to unseal, that the court unseal the Government's motion yet keep certain content under seal:

> [Mayfield] * * * submits that the government's Motion, and Mr. Mayfield's Response, should not be filed under seal, and should become part of the public record. *If during this proceeding, the government seeks to mention or discuss the content of private and personal papers, documents or data seized from Mr. Mayfield or his family, said material (and discussion of it) should be filed under seal—but nothing else about this proceeding should be kept from the public.*

Memorandum in Support of Brandon Mayfield's Motion, p. 3 (emphasis added). Mayfield argues that the Government's legal position in the motion to amend and his response "are matters of utmost public importance [and] deserve disclosure and the resultant public debate," yet he wants the power to frame that debate by preventing full disclosure of all material information. He cannot have it both ways: His request for "selective disclosure" is denied.

In sum, Mayfield's motion to unseal (# 63) is granted in part and denied in part as set forth above. The Government's motion to seal its reply (# ) is denied. The motion to amend and all related pleadings are hereby ordered unsealed. I now turn to the motion to amend.

### 2. Government's Motion to Amend Order

■ On May 24, 2004, this court, on motion of the Government, dismissed the material witness complaint against Mayfield and ordered that "all property seized in the execution of search warrants at Mayfield's residence, office and vehicles * * * be returned to Mayfield and any copies thereof in the government's possession be destroyed * * *." *In re: Federal Grand Jury 03–01,* Misc. No. 04–MC–9071 (Order, May 24, 2004)(# 33). A few days later, in a telephone conference with counsel, I was informed of Mayfield's intent to file a lawsuit against the United States. Based on that information, I suggested that the Government could retain copies of the materials and should submit them to the court for *in camera* review.

Following that discussion, the parties have been unable to negotiate an agreement concerning the Government's retention of copies of the materials at issue, the originals of which, except contraband, have been returned. In its present motion, the Government asks the court to formally amend the May 24, 2004, Order to allow it to retain, in a secure location, copies of materials seized so that it can defend itself and its employees in any future litigation with Mayfield or his family, as well as for use in any internal investigation or Congressional inquiry concerning the material witness proceeding. *See* Memorandum in Support of Motion to Amend, p. 6.

Mayfield opposes the motion to amend, arguing that the Government has no right or legitimate reason to retain copies of his property. I disagree. Nothing Mayfield cites, including Rule 41(g) of the Federal Rules of Criminal Procedure, either prohibits the Government from retaining copies of seized property or requires the Government to return both the originals and copies on a motion to return property. Moreover, even if Mayfield is correct that the Government should use the ordinary rules of civil procedure to obtain the materials in the probable event of civil litigation, the Government has a legitimate need to maintain copies to create a record for purposes of responding to any internal investigations or Congressional inquiries arising out of the material witness proceeding.

That portion of my previous order (# 33) that required destruction of all copies is hereby rescinded. Mayfield is entitled to the return of any of his property seized, except for the contraband or any classified or purportedly classified documents claimed to be unlawfully possessed, as set forth in the Government's response of September 13, 2004. The Government and government officials may retain copies of any documents or materials that are or may be relevant to any future civil litigation or official investigation. The Government shall keep the materials in a secure place, and must limit employee access to the materials except as necessary to respond to any civil claim brought by Mayfield or his family or any official concerning the material witness proceeding.[2] Further, in using any of the materials, the Government must protect from disclosure the identities of any persons other than Mayfield and any private or personal information about them.

 One final matter must be addressed. Mayfield contends that he is entitled to conduct discovery in this criminal material witness proceeding to develop evidence concerning the dissemination of copies to various government agencies. I disagree and have, by minute order dated this date (# ), granted the Government's motion to quash Mayfield's notice of deposition. If Mayfield wants to engage prelawsuit discovery, he must do so in the context of civil litigation under Federal Rule of Civil Procedure 27, see Schwarzer, Tashima & Wagstaffe, *Rutter Group Practice Guide: Federal Civil Procedure Before Trial,* ¶ 11:1325 *ff.,* pp. 11–131–36 (The Rutter Group 2004) with the oversight of the judge who is assigned to the proposed civil case,[3] not in this material witness proceeding which has been dismissed and is closed for all further purposes.

## CONCLUSION

Consistent with and as set forth in the above opinion, the Government's motion to amend (# 59) is granted and motion to amend (# 43) is moot. Mayfield's motion to unseal (# 63) is granted in part and denied in part, and the Government's motion to seal (# 68) is denied. This proceeding is ordered closed to all further pleadings and for all further purposes.

2. This requirement does not apply to contraband or classified or purportedly classified documents or materials, which may be handled in the ordinary course.

3. I will not participate as judge in any future civil litigation involving this matter.