CLD-269                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2103
_____

UNITED STATES OF AMERICA

v.

JAMES E. MURPHY,
a/k/a Jimmy Murphy,
a/k/a Black

James Murphy,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1:08-cr-00433-001)
District Judge:  Honorable William W. Caldwell
_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 and for Possible Issuance of a Certificate of Appealability Pursuant to 28
U.S.C. § 2253

August 30, 2012

Before:  RENDELL, HARDIMAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 18, 2012)
_____

OPINION
_____

PER CURIAM

In 2009, James Murphy was convicted of controlled-substance offenses in the United States District Court for the Middle District of Pennsylvania, receiving a lengthy term of incarceration. We affirmed his conviction and sentence. United States v. Murphy, 460 F. App'x 122 (3d Cir. 2012).[1] In February 2012, Murphy filed a "Judicial Complaint and Petition for Misconduct Investigation," alleging that the indictment in his criminal case "omitted several requirements requisite to its validity and requisite to a grand jury charge and indictment," such as a "certifying or authenticating form or document." He also filed two requests for grand jury materials; the first requested a "duplicate copy" of the transcripts for his legal purposes, while the second was a motion for the disclosure of "all of the ministerial grand jury material" pursuant to Fed. R. Crim. P. 6(e)(3)(E)(i), presented without any additional elaboration. The District Court denied his requests in two orders, observing that Murphy had no proceedings pending, presented only speculation regarding the irregularities of the grand jury process, and showed no compelling necessity. Murphy appealed.[2]

We have jurisdiction under 28 U.S.C. § 1291. We agree with the District Court

---

[1] A petition for certiorari is currently pending at United States Supreme Court docket number 11-10915.

[2] A subsequent motion for reconsideration was denied, but because Murphy did not file a new or amended notice of appeal, as is required by Fed. R. App. P. 4(a)(4)(B)(ii), we will not address the denial of reconsideration. See United States v. McGlory, 202 F.3d 664, 668 (3d Cir. 2000).

2

that Murphy has not shown *any* rationale for disclosing additional grand jury proceedings, let alone the "strong" showing generally required. See United States v. Aisenberg, 358 F.3d 1327, 1348 (11th Cir. 2004). Accordingly, we detect no abuse of discretion in the District Court's order. To the extent that Murphy wishes to challenge his conviction or sentence via an attack on the sufficiency of the indictment or the grand-jury proceedings leading to its issuance, the proper way to do so is via a motion to vacate under 28 U.S.C. § 2255.[3] Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Finally, if Murphy wishes to obtain previously disclosed materials from the District Court or a counterparty, he should make his request with greater specificity and comply with the relevant District Court procedures for requesting record materials.

Thus, as this appeal presents no substantial question, we will summarily affirm. See Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[3] We note, however, that we do not perceive any irregularities in the indictment itself, which appears to comply with the requirements of Fed. R. Crim. P. 7(c)(1). See also United States v. Collins, 684 F.3d 873, 885 (9th Cir. 2012) (discussing waiver of challenges to indictments).

3