DLD-106                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2255
_____

UNITED STATES OF AMERICA

v.

JAMES MURPHY,
a/k/a Jimmy Murphy, a/k/a Black

James Murphy,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-08-cr-00433-001)
District Judge:  Honorable William W. Caldwell

_____

Submitted for a Decision on the Issuance of a Certificate
of Appealability and for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 14, 2016
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 11, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

PER CURIAM

James Murphy appeals from the order of the District Court denying his motion for the disclosure of grand jury material. We will affirm.

I.

Murphy is a federal prisoner serving a sentence of 360 months of imprisonment for drug trafficking crimes. See United States v. Murphy, 460 F. App'x 122 (3d Cir. 2012). This appeal arises from the latest in his series of attempts to obtain grand jury material. After Murphy was convicted, he filed a motion seeking the disclosure of certain grand jury material, including "all of the ministerial grand jury material" relating to his indictment. The District Court denied that motion, and we affirmed. See United States v. Murphy, 479 F. App'x 418, 420 (3d Cir. 2012). In doing so, we noted that Murphy already had been provided with certain grand jury transcripts and "has not shown any rationale for disclosing additional grand jury proceedings, let alone [made] the strong showing generally required." Id. at 419 (quotation marks omitted).

Murphy later filed a motion for relief from his sentence under 28 U.S.C. § 2255 and raised claims based on his grand jury proceeding and indictment (among other things). The District Court denied the motion, and we denied a certificate of appealability ("COA"). (C.A. No. 13-4016, Feb. 12, 2014.)

Shortly after that ruling, Murphy filed suit in the United States District Court for the District of Columbia regarding a request under the Freedom of Information Act ("FOIA"). In that request, Murphy sought certain information regarding the grand jury

2

proceeding that led to his indictment and a grand jury proceeding involving his co-conspirator Richard Byrd. He filed the request with the Executive Office for United States Attorneys, which provided most of the requested information and declined to provide only the dates and times during which the grand jury met to hear testimony and deliberate. The District of Columbia court entered summary judgment against Murphy, and the United States Court of Appeals for the District of Columbia Circuit affirmed. See Murphy v. Exec. Office for U.S. Attorneys, 789 F.3d 204, 213 (D.C. Cir. 2015).

While that appeal was pending, Murphy filed the motion at issue here with his sentencing court. Murphy titled his motion as a "motion for disclosure of grand jury records pursuant to common law, and the First Amendment," and he sought records regarding his and Byrd's grand jury proceedings that are similar in some respects to the information he requested and obtained under FOIA. Murphy did not claim to require the records for any particular purpose and instead disclaimed any intent to raise any challenge to his grand jury proceeding.

After directing the Government to respond to Murphy's motion, the District Court denied it. In doing so, the District Court accepted the Government's representation that it did not possess and thus could not produce certain of the records. The District Court further concluded that one of Murphy's requests was moot because the Government provided the information in its response and that the remainder of his requests sought records that are protected from disclosure by Fed. R. Crim. P. 6, which governs the

3

secrecy and disclosure of grand jury material.  Murphy appeals.[1]

## II.

Murphy raises several challenges to the District Court's ruling.  He argues, for example, that the District Court erred in applying Rule 6 to his requests because he requested only "ministerial" records that do not implicate grand jury secrecy and that he has both a common law and a First Amendment right to those records.  See In re Grand Jury Investigation (DiLoreto), 903 F.2d 180, 182 (3d Cir. 1990).  He further argues that the District Court itself should have provided records instead of denying certain of his requests on the basis of the Government's asserted inability to satisfy them.  We need not address these arguments as presented because, even if we agreed with Murphy in part (which we do not decide), we ultimately conclude that the District Court did not abuse its discretion in declining to disclose the records that Murphy sought.  We will address Murphy's eight specific requests in three categories.

First, Murphy sought disclosure of: (1) the judge's instructions to the grand juries; (2) the transcript of Byrd's grand jury testimony; and (3) a copy of the grand jury records maintained pursuant to Rule 6(c).[2]  Rule 6 and its rule of grand jury secrecy apply to

---

[1] The District Court's denial of Murphy's post-judgment motion for the disclosure of grand jury records is a final civil order.  See United States v. Miramontez, 995 F.2d 56, 58-59 (5th Cir. 1993).  Murphy does not require a COA to appeal that order because it is not related to any § 2255 proceeding and is not "the final order in a proceeding under section 2255."  28 U.S.C. § 2253(c)(1)(B).  We thus have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's ruling for abuse of discretion.  See Douglas Oil Co. v. Petrol Stops N.W., 441 U.S. 211, 223 (1979); United States v. McDowell, 888 F.2d 285, 289 (3d Cir. 1989).

4

"anything which may reveal what occurred before the grand jury." United States v. Smith, 123 F.3d 140, 148 (3d Cir. 1997) (quotation marks omitted). These categories of records clearly qualify. Thus, Murphy has no common law or First Amendment right to these records and may obtain them only if disclosure is authorized by Rule 6. See id. at 148, 156. Murphy has not argued that the disclosure of these records is authorized by Rule 6, and it is not. See Fed. R. Crim. P. 6(e)(3)(E); see also McDowell, 888 F.2d at 289 ("To support a motion for a judicially ordered disclosure of grand jury testimony, a party must show a particularized need for that information which outweighs the public interest in secrecy.").

Second, Murphy requested a copy of the captions of both his and Byrd's indictments. The Government responded that the indictments were publicly available, but it reproduced the captions in its response for Murphy's benefit and the District Court deemed this request moot for that reason. Murphy argues that the accuracy of the captions is "in dispute," but he has not specified how or why he disputes it or how he believes the purported dispute may be resolved. We thus agree that this request is moot.

Finally, Murphy requested: (1) the court orders empaneling the grand juries; (2) orders returning the indictments; (3) orders extending the grand juries' periods of service; and (4) orders discharging the grand juries. It would appear that the Government already

---

[2] That rule requires the grand jury foreperson to "record the number of jurors concurring in every indictment" and provides that "the record may not be made public unless the court so orders." Fed. R. Crim. P. 6(c).

5

has provided Murphy with all non-secret information that may be contained in these orders. See Murphy, 789 F.3d at 207 (noting that Murphy was provided with, inter alia, "the date the grand jury was impaneled and expired; the name of the judge who supervised the grand jury; and the date on which the grand jury was convened and returned an indictment for each particular criminal case"). Thus, it would further appear that any other information that might be contained in these orders could reveal what transpired before the grand jury and would be subject to the same analysis as the first category of documents discussed above.[3] Moreover, Murphy previously requested all "ministerial grand jury material," and we affirmed the District Court's denial of that request. Murphy, 479 F. App'x at 419. We further note that Murphy has not shown— and in fact has expressly disclaimed—any conceivable need for whatever information may be contained in these orders. Under the circumstances, we cannot say that the District Court abused its discretion in declining to provide these orders, assuming that they even exist.

III.

For these reasons, we will affirm the judgment of the District Court.

---

[3] In particular, it appears that this request may be designed to circumvent the District of Columbia court's ruling that Murphy is not entitled to know the dates and times of the day that the grand juries met to receive evidence because that information might tend to reveal the identity of grand jury witnesses. The District of Columbia Circuit has since affirmed that ruling, see Murphy, 789 F.3d at 209-13, and we would not second guess its decision even if we were at liberty to do so.